988 F.2d 132
 NOTICE: Federal Circuit Local Rule 47.8(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
W.C. GARCIA & ASSOCIATES, INC., Plaintiff-Appellant,
v.
The UNITED STATES, Defendant-Appellee.
 No. 92-5133.
 United States Court of Appeals, Federal Circuit.
 Jan. 29, 1993.
 
 Cl.Ct.
 AFFIRMED.
 Before LOURIE, CLEVENGER and RADER, Circuit Judges.
 CLEVENGER, Circuit Judge.
 
 
 1
 W.C. Garcia & Associates (Garcia) appeal the judgment of the United States Claims Court* dismissing Garcia's complaint that the Internal Revenue Service (IRS) had not legally established Garcia's liability for certain personal holding company taxes. W.C. Garcia & Assocs., Inc. v. United States, No. 90-389 T (Cl.Ct. Mar. 10, 1992). We affirm.
 
 
 2
 On March 8, 1978, W.C. Garcia, corporate president of Garcia, signed and sent Form 2198 to the IRS stating that Garcia was liable for $82,833.80 in personal holding company taxes. The form correctly contained the name and address of the taxpayer, but omitted the corporate name above president W.C. Garcia's signature. On March 15, 1978, the Chief of the San Francisco District signed Garcia's form accepting it on behalf of the IRS. The IRS also typed in the corporate name "W.C. Garcia & Associates Inc." above W.C. Garcia's signature. On July 6, 1978, the IRS sent Garcia a copy of the form along with an attached letter advising Garcia that it could avoid liability for the taxes if it: (1) distributed the excess accumulations in the personal holding company within 90 days of the "determination" and (2) made a claim to the IRS for deduction of these distributions within 120 days of the "determination." See 26 U.S.C. § 547(d)(1), (e) (1976). Garcia distributed its excess accumulations on October 2, 1978, 88 days after the July 6, 1978 determination. Having not received a claim for the deductions within 120 days of the date on which the IRS mailed the Form 2198, July 6, 1978, the IRS assessed Garcia the personal holding company taxes and interest on January 22, 1978. On April 4, 1978, Garcia sent the IRS a late claim for the deduction of its distributions, requesting that its claim be timely filed. The IRS denied the request, eventually assessing more fines and penalties against Garcia. Garcia paid the taxes, fines and penalties to the IRS and then filed for a refund. Garcia claimed that the IRS's tax assessment was ineffective because the IRS had never issued a valid determination of liability for Garcia's personal holding company taxes, i.e., a valid Form 2198. According to Garcia, the determination was invalid because: (1) taxpayer Garcia had not "signed" the form (the IRS had typed in its name after W.C. Garcia, as president, had signed and mailed the form to the IRS), (2) the IRS did not send Garcia an original signed copy of the form, and (3) the form was not sent registered or certified mail as required by 26 C.F.R. § 1.547-2(b)(1)(v) (1992).
 
 
 3
 The Claims Court determined that W.C. Garcia's failure to write in the corporation's name above his signature was a minor matter because the form had the corporation's name typed on the top. Thus, W.C. Garcia's signature could bind taxpayer Garcia to the agreement. The Claims Court further determined that the IRS fulfilled the requirement of sending the taxpayer an agreement "signed by the district director" when it sent a photocopy of Form 2198, and not an original, because the photocopy informed taxpayer Garcia it had entered into a binding agreement. Finally, the Claims Court determined that it was harmless error if the IRS used regular mail to send the completed form to Garcia, not registered or certified mail as mentioned in section 1.547-2(b)(1)(v), because the IRS gave Garcia a clearly stated "determination date" of July 6, 1978, and Garcia acted in accordance with that date, by distributing its dividends within 90 days thereafter. W.C. Garcia, No. 90-389 T, slip op. at 4-8.
 
 
 4
 In this court, appellant repeats the arguments made in the Claims Court. We affirm the judgment of the Claims Court that the determination is not invalid because appellant fails to demonstrate any legal error in the Claims Court decision, as articulated in the thorough and well-stated opinion of Judge John P. Wiese. Appellant further argues that if we hold the determination not invalid, the case should be remanded to determine whether the taxpayer's failure to pay the assessed penalties was reasonable. The taxpayer has the burden of proof to establish that its failure to pay was due to reasonable cause. Norton v. United States, 551 F.2d 821, 827 (Ct.Cl.), cert. denied, 434 U.S. 831 (1977). While the government put in evidence to show that the penalties were assessed and not paid within the required 10-day period, Garcia put forward no evidence of reasonableness. Therefore, Garcia cannot show the existence of any genuinely disputed issue of material fact to preclude entry of summary judgment against it on the penalty issue.
 
 
 
 *
 On October 29, 1992, the United States Claims Court was renamed the United States Court of Federal Claims. Federal Courts Administration Act of 1992, Pub.L. No. 102-572, § 902(a), 106 Stat. 4506, ----